NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 11-2498

UNITED STATES OF AMERICA

v.

NEVIN SHEMANSKI,

*Appellant*

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-08-cr-00341-002)
District Judge:  Honorable James M. Munley

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 7, 2012

Before: SLOVITER and VANASKIE, *Circuit Judges*, and PADOVA,
*Senior District Judge**

(Filed: February 8, 2012)

---

*The Honorable John R. Padova, Senior District Judge of the United States District Court
for the Eastern District of Pennsylvania, sitting by designation.

_____

OPINION OF THE COURT
_____

PADOVA, *Senior District Judge*.

Appellant Nevin Shemanski admitted to violating the conditions of his supervised release, which was revoked, and he was sentenced to twelve months of imprisonment. He subsequently filed a notice of appeal, and his attorney moved to withdraw as appellate counsel, filing a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Although Appellant was notified that his counsel had moved to withdraw and was given the opportunity to file a *pro se* brief, he has failed to do so. For the following reasons, we will grant defense counsel leave to withdraw and affirm the judgment of the District Court.

I.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review to determine whether there are any nonfrivolous issues on appeal. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). The determination of frivolousness is informed by the standard of review for each potential claim raised. *See, e.g.*, *United States v. Schuh*, 289 F.3d 968, 974-76 (7th Cir. 2002).

II.

As we write primarily for the parties, who are familiar with the factual context and legal history of this case, we will set forth only select background facts. Defendant pled guilty to one count of conspiracy to pass counterfeit checks in violation of 18 U.S.C. § 371,

2

and was sentenced to thirteen months of imprisonment, three years of supervised release, a special assessment of $100, and restitution in the amount of $10,079.70. He commenced supervision on October 15, 2010. On April 15, 2011, Appellant's probation officer filed a Petition seeking to revoke Appellant's supervised release because he had violated three of the conditions of his supervised release: (1) he violated Standard Condition of Supervised Release No. 2 by failing to report to his probation officer and to submit a monthly supervision report; (2) he violated Standard Condition of Supervised Release No. 15 by failing to report to his probation officer for drug testing on two occasions; and (3) he violated a special condition of his supervised release by failing to make required payments toward his special assessment and restitution. Appellant was arrested in connection with the violations and had his initial appearance on May 3, 2011, during which counsel was appointed to represent him. He also executed an admission form, advising that he would test positive for heroin, marijuana and Xanax. On May 17, 2011, Appellant's probation officer filed a Superseding Petition to add a fourth violation, which was that Appellant had violated the Mandatory Condition that he "not unlawfully possess or use a controlled substance" because he had used marijuana, Xanax and heroin.

The District Court held a Supervised Release Revocation Hearing on May 19, 2011. Appellant appeared with his attorney and admitted to the violations of the conditions of his supervised release. Based upon Appellant's admission, the District Court found that he was in violation of the terms and conditions of his supervised release and revoked his supervised release. The District Court calculated the applicable Sentencing Guidelines range as seven

3

to thirteen months of imprisonment pursuant to U.S.S.G. § 7B1.4A. Appellant's attorney asked the District Court to impose a sentence on the low end of the advisory Guidelines range without further supervision. Appellant was given the opportunity to address the Court and stated that he took responsibility for his actions, which all resulted from his drug addiction. The District Court sentenced Appellant to a term of imprisonment of twelve months with no supervision to follow. It also ordered Appellant to pay the balance of his special assessment of $25.00 and the balance of his restitution of $9,979.70. Appellant timely filed this appeal.

III.

Our role in analyzing an *Anders* brief is twofold. First, we determine whether the *Anders* brief is adequate on its face. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citation omitted). Second, we determine whether an independent review of the record reveals any issues that are not frivolous. *Id.* (citation omitted). An adequate *Anders* brief "satisf[ies] the court that counsel has thoroughly examined the record in search of appealable issues," and "explain[s] why the issues are frivolous." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). "Counsel need not raise and reject every possible claim. However, at a minimum, he or she must meet the 'conscientious examination' standard set forth in *Anders*." *Id.* (citing *Marvin*, 211 F.3d at 780).

We find Counsel's *Anders* brief to be adequate on its face. Since Appellant admitted that he had violated the conditions of his supervised release, he is limited to three issues on appeal: (1) the District Court's jurisdiction to enter the conviction and impose sentence; (2)

the validity or voluntariness of his guilty plea; and (3) the legality of his sentence. See 18 U.S.C. § 3742(a); *United States v. Broce*, 488 U.S. 563, 569 (1989). Counsel addressed all of these issues, concluding that there were no appealable issues of arguable merit as to: (1) the District Court's jurisdiction to adjudicate Appellant in violation of his supervised release or to impose sentence; (2) the procedural validity or voluntariness of Appellant's plea of guilty to the violations of his supervised release; or (3) the reasonableness of Appellant's sentence. We agree.

The District Court clearly had jurisdiction over Appellant's underlying criminal conviction for conspiracy to pass counterfeit checks pursuant to 18 U.S.C. § 3231. Consequently, the District Court also had jurisdiction to revoke Appellant's sentence of supervised release pursuant to 18 U.S.C. § 3583(e). We conclude that any claim that the District Court did not have jurisdiction to revoke Appellant's supervised release and impose sentence would be frivolous.

Moreover, it is plain from the record that the District Court complied with the requirements of due process in revoking Appellant's supervised release. *See* Fed. R. Crim. P. 32.1(b)(2); *United States v. Barnhart*, 980 F.2d 219, 222 (3d Cir. 1992). Appellant was given written notice of the alleged violations and a prompt hearing; counsel was appointed to represent him; and both Appellant and his counsel were given the opportunity to be heard during the revocation hearing. In addition, after the District Court advised him of the rights he would relinquish by admitting to the violations, Appellant admitted that he violated the conditions of his supervised release and took full responsibility for his actions. We conclude

5

that any claim that Appellant's guilty plea was not valid or voluntary would be frivolous.

The reasonableness of Appellant's sentence is similarly apparent on the record. We "'review the substantive reasonableness of the sentence under an abuse-of-discretion standard, regardless of whether it falls within the Guidelines range.'" *United States v. Sevilla*, 541 F.3d 226, 230 (3d Cir. 2008) (quoting *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008), and citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Ultimately, "[t]o determine whether a sentence is reasonable, the court must examine 'whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).'" *United States v. Goff*, 501 F.3d 250, 254 (3d Cir. 2007) (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)) (additional citation omitted). We must affirm the sentence as long as it "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." *Wise*, 515 F.3d at 218 (citation omitted).

Appellant admitted to Grade C violations of the conditions of his supervised release. Given Appellant's criminal history category of V, the District Court correctly calculated the advisory Guidelines sentencing range as seven to thirteen months of imprisonment. *See* U.S.S.G. § 7B1.4(a). The District Court sentenced Appellant within this range. The District Court also considered the § 3553(a) factors in determining Appellant's sentence and specifically addressed on the record the nature and circumstances of the offense, the history and characteristics of the Appellant, and Appellant's need for treatment for his drug addiction. We conclude that any challenge to the reasonableness of Appellant's sentence

would be frivolous.

IV.

For the foregoing reasons, we conclude that Counsel has fulfilled his obligation under *Anders* and the Local Appellate Rules to provide an adequate no-merit brief, and our independent review of the record yields no non-frivolous issues for appeal. We will therefore affirm the judgment of the District Court and grant Counsel's motion for leave to withdraw.